**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

**ALEXANDER TORRE,**

    **Plaintiff,**

                             **CASE NO.:**

**v.**

                             **DIVISION:**

**MARRIOTT INTERNATIONAL**
**ADMINISTRATIVE SERVICES, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALEXANDER TORRE, by and through undersigned counsel, brings this action against Defendant, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages in excess of $50,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.* and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2.     Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Palm Beach County and Broward County, Florida.

## PARTIES

3.     Plaintiff is a resident of Palm Beach County, Florida.

4.     Defendant operates a hotel in Broward County, Florida.

## GENERAL ALLEGATIONS

5.      Plaintiff has satisfied all conditions precedent, or they have been waived.

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

10.     Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

11.     Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

12.     Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

13.     This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA.

## FACTS

14.     Plaintiff is a male. As such, Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992 (FCRA), which prohibit discrimination on the basis of sex.

15.     Plaintiff began working for Defendant on February 24, 2024, as a Senior Sales Executive at the W Fort Lauderdale, a Marriott property. Plaintiff remained in this position until his termination on February 14, 2025.

2

16.     Plaintiff was qualified for his position as Senior Sales Executive. He performed his job duties in a satisfactory manner, consistently achieving performance targets, including receiving the Marriott Golden Circle Award for top sales performance in the third quarter of 2024.

17.     In late October 2024, Plaintiff disclosed to his supervisor, Alexandra Caceres, that his wife was pregnant and that he intended to take paternity leave under the Family and Medical Leave Act (FMLA) in July 2025.

18.     Plaintiff was never informed of his rights under the FMLA or provided the required paperwork, despite Defendant's knowledge of his wife's pregnancy and his disclosure of his intent to take paternity leave.

19.     Following Plaintiff's disclosure of his intention to take paternity leave, he began experiencing adverse treatment by Defendant, based on his sex and his disclosure of his protected right to take FMLA leave.

20.     On or around October 25, 2024, Plaintiff was informed by the assistant director of sales that he would be required to temporarily surrender his Tech Industry market to the assistant director, who had not achieved his revenue goals.

21.     Defendant told Plaintiff that he would regain the market after the assistant director had closed his first two accounts. This was done to reduce Plaintiff's performance and hinder his success following his disclosure of his paternity leave plans.

22.     A few days later, Plaintiff was asked to transfer part of his Florida territory to another sales manager.

3

23.     Plaintiff complied with this request in the spirit of supporting a colleague's growth, though he noted that the workload was manageable and that no one else had been asked to make such a transfer.

24.     These changes were never formally communicated by Ms. Caceres and were part of a broader pattern of retaliation for disclosing his intention to take paternity leave.

25.     On October 31, 2024, Plaintiff received his first written warning. The warning cited vague issues, such as minor discrepancies related to team calls, doctor appointments, and lunch breaks.

26.     None of these issues had previously been treated as violations, and other employees who engaged in similar conduct were not disciplined.

27.     In late November 2024, Plaintiff's remote work privileges were revoked by Ms. Caceres. Ms. Caceres informed Plaintiff that she "did not trust" how he was using his remote days and required him to work in the office five days per week.

28.     This decision followed Plaintiff's recognition as a top performer within Marriott, having received the J. Willard Award of Excellence for the third quarter.

29.     On December 2, 2024, Plaintiff submitted a formal complaint to Human Resources regarding the revocation of his remote work privileges, disparate treatment and retaliatory conduct in relation to his recent disclosure of intent to take paternal leave, and the written warning he had received.

30.     On December 9, 2024, a meeting was held between Plaintiff, his supervisor, and Human Resources. Despite the complaint and meeting, no changes were made to Plaintiff's working conditions, and only emboldened his supervisor and exacerbated Defendant's discrimination of him.

4

31. On December 19, 2024, Plaintiff received a verbal warning for his conduct during a site inspection despite Plaintiff conducting many successful inspections prior to this incident with clear instruction and without issue.

32. On January 30, 2025, Plaintiff received another written warning. The warning falsely accused Plaintiff of slow contract review processes and reduced leads.

33. Then, Plaintiff was placed on a Performance Improvement Plan (PIP) that started on February 6, 2025, and was supposed to end on April 6, 2025.

34. On February 11, 2025, just three business days after the PIP began, Plaintiff was suspended without prior interim check-ins. Plaintiff was instructed to turn in his keys, ID, and laptop and was informed that he would be contacted within three days regarding his termination status.

35. On February 14, 2025, Plaintiff called his supervisor to discuss his situation, but his supervisor did not answer.

36. Ten minutes later, Plaintiff received a call from Defendant's Human Resources department, which confirmed that the General Manager and HR had agreed to terminate Plaintiff's employment.

37. Plaintiff's termination on February 14, 2025, occurred just 10 days before he would have become eligible for FMLA leave, on February 24, 2025.

38. The disciplinary actions, including the PIP and the suspensions, were pretextual and part of Defendant's decision to terminate him before he could exercise his FMLA rights.

39. Defendant treated other employees similarly situated to Plaintiff, but outside Plaintiff's protected class (female employees who disclosed pregnancy or maternity leave plans), more favorably.

40.     For example, female employees who disclosed their intentions to take maternity leave were not subject to the same adverse treatment that Plaintiff faced after disclosing his intent to take paternity leave. Specifically, other employees were not asked to surrender their territories or markets, have their remote work privileges revoked, or receive disciplinary warnings in the same manner.

41.     Plaintiff's termination not only prevented him from qualifying for FMLA but also eliminated his ability to transfer to another Marriott property.

## COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

42.     Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 14-41 of this Complaint, as though fully set forth herein.

43.     Plaintiff is a member of a protected class under Title VII.

44.     Plaintiff was subjected to disparate treatment on the basis of his sex, including terminating his employment.

45.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

46.     Defendant's actions were willful and done with malice.

47.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of Title VII by Defendant;

d)      Compensation for lost wages, benefits, and other remuneration;

6

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Any other compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained.

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

48.     Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 14-41 of this Complaint, as though fully set forth herein.

49.     Plaintiff is a member of a protected class under Title VII.

50.     Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

51.     Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by stating his intent to take paternity leave under FMLA and filing his complaint with Defendant's Human Resources.

52.     Defendant's actions were willful and done with malice.

53.     In, Defendant took material adverse action against Plaintiff by removing his accounts, territories, falsely accusing him of performance issues, placing him on a PIP, and terminating his employment.

54.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

7

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d)      That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)      Compensation for lost wages, benefits, and other remuneration;

f)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)      Front pay;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

### COUNT  III – FCRA VIOLATION

### (SEX DISCRIMINATION)

55.     Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 14-41 of this Complaint, as though fully set forth herein.

56.     Plaintiff is a member of a protected class, based on his sex (male), under the FCRA.

57.     Plaintiff was subjected to disparate treatment by Defendant on the basis of his sex.

58.     Defendant's actions were willful and done with malice.

59.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)  A jury trial on all issues so triable;

    b)  That process issue and that this Court take jurisdiction over the case;

    c)  Compensation for lost wages, benefits, and other remuneration;

    d)  Front pay;

    e)  Any other compensatory damages, including emotional distress, allowable at law;

    f)  Punitive damages;

    g)  Prejudgment interest on all monetary recovery obtained.

    h)  All costs and attorney's fees incurred in prosecuting these claims; and

    i)  For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

60.     Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 14-41 of this Complaint, as though fully set forth herein.

61.     Plaintiff is a member of a protected class under the FCRA, based on his sex.

62.     Plaintiff engaged in protected activity under the FCRA by stating his intent to take protected paternity leave under the FMLA and filing his complaint with Defendant's Human Resources.

9

63.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by removing his accounts, territories, falsely accusing him of performance issues, placing him on a PIP, and terminating his employment.

64.     Defendant's actions were willful and done with malice.

65.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)  A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

c)  That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d)  Compensation for lost wages, benefits, and other remuneration;

e)  Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f)  Front pay;

g)  Any other compensatory damages, including emotional distress, allowable at law;

h)  Punitive damages;

i)  Prejudgment interest on all monetary recovery obtained.

j)  All costs and attorney's fees incurred in prosecuting these claims; and

k)  For such further relief as this Court deems just and equitable.

## COUNT V – FMLA INTERFERENCE

66.     Plaintiff realleges and readopts the allegations of paragraphs 1-7 and 10-41 of this Complaint, as fully set forth herein.

67.     Plaintiff required time off from work to care for his newborn child within the meaning of the FMLA, requiring leave protected under the FMLA.

68.     By terminating Plaintiff's employment only ten days before Plaintiff could utilize paternity leave under the FMLA, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

69.     Defendant's actions were willful and done with malice.

70.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

11

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of February, 2026.

Respectfully submitted,

*s/ Amanda Heystek*
**AMANDA HEYSTEK**
Florida Bar Number: 285020
**KAITLIN R. FRERICH**
Florida Bar Number: 1048742
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2560
Facsimile No.: 813-229-8712
Email: aheystek@wfclaw.com
Email: kfrerich@wfclaw.com
Email: rcooke@wfclaw.com
***Attorneys for Plaintiff***