UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:26-CV-80177-AMC

ALEXANDER TORRE,

     Plaintiff,

v.

STARWOOD HOTELS & RESORTS
WORLDWIDE, LLC,

     Defendant.

_____/

### DEFENDANT'S ANSWER AND AMENDED AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Starwood Hotels & Resorts Worldwide, LLC, responds to the Complaint of Plaintiff Alexander Torre as follows.  For convenience, Defendant uses the same headings and paragraph numbers used by Plaintiff in his Complaint.

### JURISDICTION AND VENUE

1. Defendant admits that this purports to be an action for declaratory relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (the "FMLA").  Defendant denies that it engaged in any unlawful conduct and further denies that Plaintiff is entitled to any of the relief sought against Defendant in the Complaint.

2. Defendant denies the allegations as stated in paragraph 2, except admits the venue is proper.

## PARTIES

3.      Defendant admits on information and belief the allegations as stated in paragraph 3.

4.      Defendant admits the allegations as stated in paragraph 4.

## GENERAL ALLEGATIONS

5.      Defendant denies the allegations as stated in paragraph 5.

6.      Defendant is without sufficient knowledge as to the allegations as stated in paragraph 6 and therefore denies these allegations.

7.      Defendant admits that Plaintiff demands trial by jury on all issues so triable, but denies that Plaintiff is entitled to a jury trial as to damages in the form of front pay as such damages constitute an equitable remedy not subject to determination by a jury.

8.      Defendant denies the allegations as stated in paragraph 8, except it admits that Plaintiff is an "employee" as that term is defined by Title VII and a "person" as that term is defined by the FCRA.

9.      Defendant denies the allegations as stated in paragraph 9, except it admits that Defendant is an "employer" as that term is defined by Title VII and the FCRA.

10.      Defendant denies the allegations as stated in paragraph 10, except it admits that Defendant is an "employer" as that term is defined by the FMLA.

11.      Defendant admits that Plaintiff was employed by Defendant.  Defendant is without knowledge sufficient to admit or deny the remaining allegations as stated in paragraph 11 and therefore denies the allegations.

12.      Defendant denies the allegations as stated in paragraph 12.

13.     Defendant admits that this purports to be an action to recover damages but denies that it engaged in any unlawful conduct and further denies that Plaintiff is entitled to any of the relief sought against Defendant in the Complaint.

## FACTS

14.     Defendant admits that Plaintiff is a male and that Title VII and the FCRA prohibit discrimination because of or on the basis of sex.  The remaining allegations constitute legal conclusions necessitating no response from the pleader and therefore are denied.

15.     Defendant denies the allegations as stated in paragraph 15, except admits that Plaintiff began working at the W Fort Lauderdale in February 2024, was a Senior Sales Executive, and ended employment in February 2025.

16.     Defendant denies the allegations as stated in paragraph 16, except admits that Plaintiff received an award for the third quarter of 2024.

17.     Defendant denies the allegations as stated in paragraph 17, except admits that sometime in late 2024 or early 2025, Plaintiff did tell Alexandra Caceres that he and his wife were expecting a baby.

18.     Defendant denies the allegations as stated in paragraph 18.

19.     Defendant denies the allegations as stated in paragraph 19.

20.     Defendant denies the allegations as stated in paragraph 20, except admits that Plaintiff was told that a territory would be reassigned from Plaintiff.

21.     Defendant denies the allegations as stated in paragraph 21.

22.     Defendant denies the allegations as stated in paragraph 22, except admits that Plaintiff was told that a territory would be reassigned from Plaintiff.

23.     Defendant denies the allegations as stated in paragraph 23.

24. Defendant denies the allegations as stated in paragraph 24.

25. Defendant denies the allegations as stated in paragraph 25, except admits that he received a coaching and counseling on October 31, 2024.

26. Defendant denies the allegations as stated in paragraph 26.

27. Defendant denies the allegations as stated in paragraph 27, except admits that Plaintiff was no longer allowed to work remotely and thus would need to work in the office.

28. Defendant denies the allegations as stated in paragraph 28, except admits that Plaintiff received an award for the third quarter of 2024

29. Defendant denies the allegations as stated in paragraph 29.

30. Defendant denies the allegations as stated in paragraph 30, except admits that Plaintiff did meet with a member of Human Resources and Alexandra Caceres on December 9, 2024.

31. Defendant denies the allegations as stated in paragraph 31, except admits that he received a verbal warning on December 19, 2024.

32. Defendant denies the allegations as stated in paragraph 32, except admits that he received a written warning on January 30, 2025.

33. Defendant denies the allegations as stated in paragraph 33.

34. Defendant denies the allegations as stated in paragraph 34, except admits that Plaintiff was suspended on February 11, 2025.

35. Defendant is without sufficient knowledge as to the allegations as stated in paragraph 35 and therefore denies these allegations.

36. Defendant denies the allegations as stated in paragraph 36, except admits that Plaintiff was notified in February 2025 that his employment as terminated.

KIM VAUGHAN LERNER LLP

37.     Defendant denies the allegations as stated in paragraph 37.

38.     Defendant denies the allegations as stated in paragraph 38.

39.     Defendant denies the allegations as stated in paragraph 39.

40.     Defendant denies the allegations as stated in paragraph 40.

41.     Defendant denies the allegations as stated in paragraph 41.

## COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

42.     Defendant incorporates by reference its responses to paragraphs 1-9 and 14-42 above as if fully set forth herein.

43.     The allegations constitute legal conclusions necessitating no response from the pleader and therefore are denied.

44.     Defendant denies the allegations as stated in paragraph 44.

45.     Defendant denies the allegations as stated in paragraph 45.

46.     Defendant denies the allegations as stated in paragraph 46.

47.     Defendant denies the allegations as stated in paragraph 47.

Defendant admits that Plaintiff demands trial by jury on all issues so triable in the paragraph numbered a) in the unnumbered "WHEREFORE" clause following paragraph 47 of the Complaint, but denies that Plaintiff is entitled to a jury trial as to damages in the form of front pay as such damages constitute an equitable remedy not subject to determination by a jury.  Defendant otherwise denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 47 of the Complaint, including subparts b) through j).

5

## COUNT II – TITLE VII RETALILATION

48.     Defendant incorporates by reference its responses to paragraphs 1-9 and 14-41 above as if fully set forth herein.

49.     The allegations constitute legal conclusions necessitating no response from the pleader and therefore are denied.

50.     Defendant denies the allegations as stated in paragraph 50.

51.     Defendant denies the allegations as stated in paragraph 51.

52.     Defendant denies the allegations as stated in paragraph 52.

53.     Defendant denies the allegations as stated in paragraph 53.

54.     Defendant denies the allegations as stated in paragraph 54.

Defendant admits that Plaintiff demands trial by jury on all issues so triable in the paragraph numbered a) in the unnumbered "WHEREFORE" clause following paragraph 54 of the Complaint, but denies that Plaintiff is entitled to a jury trial as to damages in the form of front pay as such damages constitute an equitable remedy not subject to determination by a jury.  Defendant otherwise denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 54 of the Complaint, including subparts b) through l).

## COUNT III – FCRA VIOLATION
### (SEX DISCRIMINATION)

55.     Defendant incorporates by reference its responses to paragraphs 1-9 and 14-41 above as if fully set forth herein.

56.     The allegations constitute legal conclusions necessitating no response from the pleader and therefore are denied.

57.     Defendant denies the allegations as stated in paragraph 57.

KIM VAUGHAN LERNER LLP

58.    Defendant denies the allegations as stated in paragraph 58.

59.    Defendant denies the allegations as stated in paragraph 59.

Defendant admits that Plaintiff demands trial by jury on all issues so triable in the paragraph numbered a) in the unnumbered "WHEREFORE" clause following paragraph 59 of the Complaint, but denies that Plaintiff is entitled to a jury trial as to damages in the form of front pay as such damages constitute an equitable remedy not subject to determination by a jury.  Defendant otherwise denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 59 of the Complaint, including subparts b) through i).

### COUNT VI [SIC] – FCRA RETALIATION

60.    Defendant incorporates by reference its responses to paragraphs 1-9 and 14-41 above as if fully set forth herein.

61.    The allegations constitute legal conclusions necessitating no response from the pleader and therefore are denied.

62.    Defendant denies the allegations as stated in paragraph 62.

63.    Defendant denies the allegations as stated in paragraph 63.

64.    Defendant denies the allegations as stated in paragraph 64.

65.    Defendant denies the allegations as stated in paragraph 65.

Defendant admits that Plaintiff demands trial by jury on all issues so triable in the paragraph numbered a) in the unnumbered "WHEREFORE" clause following paragraph 65 of the Complaint, but denies that Plaintiff is entitled to a jury trial as to damages in the form of front pay as such damages constitute an equitable remedy not subject to determination by a jury.  Defendant otherwise denies that Plaintiff is entitled to any of the

relief requested in the unnumbered "WHEREFORE" clause following paragraph 65 of the Complaint, including subparts b) through k).

## COUNT V – FMLA INTERFERENCE

66. Defendant incorporates by reference its responses to paragraphs 1-7 and 10-41 above as if fully set forth herein.

67. Defendant denies the allegations as stated in paragraph 67.

68. Defendant denies the allegations as stated in paragraph 68.

69. Defendant denies the allegations as stated in paragraph 69.

70. Defendant denies the allegations as stated in paragraph 70.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 70 of the Complaint, including subparts (a) through (i). *See, e.g.*, *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (precluding recovering of prejudgment interest when being awarded liquidated damages).

## JURY TRIAL DEMAND

Defendant admits that Plaintiff demands trial by jury on all issues so triable, but denies that Plaintiff is entitled to a jury trial as to damages in the form of front pay as such damages constitute an equitable remedy not subject to determination by a jury.

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to satisfy conditions precedent in order to bring Plaintiff's claims.

3.      Defendant has disseminated a policy that prohibits any of the unlawful conduct that Plaintiff alleges in the Complaint.  That policy provides a means to Plaintiff for complaining about any unlawful conduct.  Plaintiff failed to complain or otherwise take proper advantage of that policy before employment termination to address the alleged unlawful conduct, and thus failed to take reasonable measures to obtain informal redress for any of the conduct Plaintiff alleges in the Complaint.

4.      At all times relevant to the action, Defendant engaged in good-faith efforts to comply with federal, state, and local laws, did not know that any of its conduct was in violation of Title VII, the FCRA, and the FMLA, and was not consciously indifferent to whether its conduct violated any such laws or rights of Plaintiff under such laws.  Plaintiff therefore is precluded from recovering damages, including precluded from recovering liquidated damages and punitive damages.

5.      To the extent Plaintiff alleges unlawful actions were taken by any representative of Defendant, such actions, if wrongful, were taken without authority, knowledge, or approval of Defendant, in conflict with policies, and outside the course and scope of the employment of the individual taking the action.

6.      Defendant acted at all times for legitimate, non-discriminatory, and non-retaliatory reasons.

7.      Plaintiff must demonstrate that his participation in protected activity was the "but-for" cause of the adverse employment action, not just a motivating factor.

8.      If Plaintiff can somehow prove his claim, then Defendant reserves the right to rely on the mixed motives defense.  Any adverse employment action referred to in the Complaint, even if proved, would have been taken for legitimate, non-discriminatory,

KIM VAUGHAN LERNER LLP

and/or non-retaliatory reasons irrespective of any alleged discriminatory and/or retaliatory employment action.

9. If Plaintiff can somehow prove his claim, then Defendant reserves the right to rely on the doctrine of after-acquired evidence. Plaintiff's recovery is barred or limited by any wrongful conduct that Defendant did not know of or have reason to know of but would have led to employment termination if it had been discovered prior to Plaintiff's employment termination.

10. Plaintiff has failed to mitigate his damages. Plaintiff could have reduced his damages by making a reasonable effort to seek and retain comparable employment.

11. To the extent that Plaintiff seeks loss of wages and earnings, these claims are barred or may be set off by the receipt of unemployment compensation and/or the collateral source rule.

12. Front pay is an equitable remedy not subject to determination by a jury.

13. Plaintiff's claims for punitive damages must be denied because Defendant did not willfully violate any law with respect to its treatment of Plaintiff, and any actions taken regarding Plaintiff were taken in good faith, in accordance with internal policies, and were not taken wantonly, with malice, in bad faith, and/or with reckless indifference to Plaintiff's protected rights.

14. Without conceding liability, if Plaintiff is awarded liquidated damages, then he may not also recover prejudgment interest. *See Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).

15. Defendant alleges that Plaintiff's claims for compensatory damages, punitive damages, and any other monetary relief are limited by the applicable statutory caps and limitations set forth in Title VII of the Civil Rights Act of 1964, as amended,

including 42 U.S.C. § 1981a(b)(3), and the Florida Civil Rights Act, Fla. Stat. § 760.11(5), and any other applicable federal or state law.  Accordingly, Plaintiff is not entitled to recover damages in excess of the statutory limitations imposed by applicable law, and any award of damages must be reduced to the extent necessary to comply with such limitations.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's action, enter judgment against Plaintiff, and award Defendant its attorneys' fees, costs, interest, and such other and further relief as the Court may deem appropriate.

Dated:  June 10, 2026

Respectfully submitted,

By:  */s/ Brian L. Lerner*
  Brian L. Lerner (Fla. Bar No. 177202)
  Kim Vaughan Lerner LLP
  312 SE 17th Street, Suite 300
  Fort Lauderdale, Florida 33316
  Telephone: (954) 527-1115
  Facsimile: (954) 527-1116
  E-mail: blerner@kvllaw.com
  Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: */s/ Brian L. Lerner*

## SERVICE LIST

Amanda Heystek
aheystek@wfclaw.com
Kaitlin R. Frerich
kfrerich@wfclaw.com
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Telephone:    (813) 224-0431
Facsimile:      (813) 229-8712
Attorneys for Plaintiff

Via Transmission of Notices of
Electronic Filing Generated by CM/ECF

Brian L. Lerner
blerner@kvllaw.com
Kim Vaughan Lerner LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, Florida 33316
Telephone:    (954) 527-1115
Facsimile:      (954) 527-1116
Attorneys for Defendant

Via Transmission of Notices of Electronic
Filing Generated by CM/ECF